UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 4:23-cr-8-SEB-VTW |
| ) | |
| WILLIE D. WATTS, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

On September 23, 2025, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on July 11, 2025 (Dkt. 59). Defendant Willie D. Watts appeared in person with her appointed counsel Khalid A. Kahloon. The government appeared by Matthew B. Miller, Assistant United States Attorney. U. S. Probation appeared by Officer Shallon Watson.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. At the Initial Hearing held on September 17, 2025, the Court advised Ms. Watts of her rights and provided her with a copy of the petition. Ms. Watts orally waived her right to a preliminary hearing.

2. After being placed under oath at the Revocation Hearing, Ms. Watts admitted Violation numbers 1, 2 and 3 (Dkt. 59).

3. The allegations to which Ms. Watts admitted, as fully set forth in the petition, are:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| 1 | **"You shall report to the probation officer in a manner and frequency directed by the court or probation officer."** |
| | On June 20, 2025, Ms. Watts was instructed to report to the probation office on 06/24/2025 at 9:30 a.m. Ms. Watts did not appear for this appointment. |
| 2 | **"You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change."** |
| | On June 13, 2025, Ms. Watts was granted permission to release from the residential reentry center (RRC) as she had a bed available at The Healing Place in Louisville, Kentucky. She was instructed to report there on the same day. Ms. Watts never entered as a patient to The Healing Place. Her whereabouts are unknown. |
| 3 | **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."** |
| | Ms. Watts was instructed to attend inpatient substance abuse treatment at The Healing Place in Louisville, Kentucky. Ms. Watts never began treatment as instructed. |

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade C violation.

   (b) Defendant's criminal history category is III.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 5 to 11 months' imprisonment.

5.     The parties jointly recommended a sentence of 8 months' imprisonment with 3 years of supervised release to follow.  The conditions of supervised release to be imposed are set out in the Revocation Parameters Worksheet (Dkt 60-1).

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Ms. Watts violated the conditions in the petition, that her supervised release should be revoked, and that she should be sentenced to the custody of the Attorney General or his designee for a period of 8 months with 3 years of supervised release to follow.  In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the federal judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.
2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.
4. You shall not knowingly leave the federal judicial district where you are being supervised without the permission of the supervising court/probation officer.
5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.
6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact

with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full-time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

> *Justification: Conditions 1-13 are considered administrative in nature and will enable the probation officer to effectively supervise the offender within the community.*

14. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

15. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

16. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

17. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

*Justification: Conditions 14-17 are recommended to address the offender's history of substance abuse, as well as to address negative thinking patterns. Additionally, these conditions will help to ensure compliance with a drug-free lifestyle.*

18. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

    *Justification: Condition 18 will assist the offender in receiving continued mental health counseling and mental health medications.*

19. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches. *Justification: Condition 19 will assist the probation officer in monitoring the offender for protection of the community.*

6

20. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/ or restitution.

21. You shall not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

*Justification: Conditions 20-21 will assist the probation officer in monitoring the offender's efforts in making restitution and help assure funds are not being improperly diverted from these efforts.*

Ms. Watts reviewed the above-noted conditions with her attorney.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

So RECOMMENDED this 23rd day of September, 2025.

_____
VAN WILLIS
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system